Louis Pechman (Bar No. 035931983)
Vivianna Morales (Bar No. 070652013)
Catalina Cadavid (Bar No. 203388016)
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
cadavid@pechmanlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF NEW JERSEY**

-------------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| HERIBERTO PEREZ, LEONCIO QUIROZ, ESTEBAN QUIROZ, and SEBASTIAN TORRES, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | **18 Civ. 11902** |
| | : | |
| DK GROCERY INC. d/b/a APNA BAZAR CASH & CARRY, APNA BAZAR GROCERY LLC d/b/a APNA BAZAR CASH & CARRY, NANAK GROCERY INC. d/b/a APNA BAZAR CASH & CARRY, KHADAG SINGH, and DALBIR SINGH, | : | **COMPLAINT** |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------------- X

Plaintiffs Heriberto Perez, Leoncio Quiroz, Esteban Quiroz, and Sebastian Torres (collectively, "Plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of Defendants DK Grocery Inc. d/b/a APNA Bazar Cash & Carry ("APNA Edison"), APNA Bazar Grocery LLC d/b/a APNA Bazar Cash & Carry ("APNA Jersey City"), Nanak Grocery Inc. d/b/a  APNA Bazar Cash & Carry ("APNA Dayton"), Khadag Singh, and Dalbir Singh (collectively, "Defendants") allege:

**NATURE OF THE ACTION**

1.      APNA Bazar is a South Asian and South Indian grocery store with three New Jersey locations in Edison, Jersey City, and Dayton.  Plaintiffs regularly work as

packers and stockers for approximately sixty-nine to eighty and a half hours per workweek for Defendants and are paid a fixed amount each week, which results in them not being compensated for overtime hours worked.

2.      Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C. 12:56 *et seq.* ("NJWHL"), to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, because the events set forth in this Complaint occurred at three locations of APNA Bazar, all of which are located in the District of New Jersey.

## THE PARTIES

**Plaintiff Heriberto Perez**

5.      Heriberto Perez resides in Middlesex County, New Jersey.

6.      Defendants employed Heriberto Perez at APNA Dayton as a stocker from in or about 2006 to 2008.

7.      Defendants employed Heriberto Perez at APNA Edison as a stocker and as an assistant manager from in or about 2009 to 2011.

8.      Defendants employed Heriberto Perez at APNA Jersey City as a stocker and as an assistant manager from in or about 2011 through the summer of 2015.

9.      Defendants employed Heriberto Perez at an APNA location in Pennsylvania as a stocker and as an assistant manager from in or about the fall of 2015 through August 2017.

10.     Defendants then reemployed Heriberto Perez at APNA Edison as a stocker and as an assistant manager from approximately September 2017 to May 2018.

11.     Defendants employed Heriberto Perez at APNA Edison as a stocker from in or about May 2018 through the present.

**Plaintiff Leoncio Quiroz**

12.     Leoncio Quiroz resides in Middlesex County, New Jersey.

13.     Defendants employed Leoncio Quiroz at APNA Edison as a stocker from in or about the summer of 2010 through the spring of 2011 and from approximately January 2015 through February 2015.

14.     Defendants also employed Leoncio Quiroz at APNA Dayton as a stocker from in or about the summer of 2011 through December 2014, and from approximately March 2015 through September 2015.

15.     Defendants employed Leoncio Quiroz at APNA Edison as a packer from approximately December 2016 through the present.

**Plaintiff Esteban Quiroz**

16.     Esteban Quiroz resides in Middlesex County, New Jersey.

17.     Defendants employed Esteban Quiroz at APNA Dayton as a stocker from in or about January 2013 through September 2015.

18.     Defendants employed Esteban Quiroz at APNA Edison as a stocker from in or about October 2015 to December 2017, and again from March 2018 to the present.

**Plaintiff Sebastian Torres**

19.     Sebastian Torres resides in Middlesex County, New Jersey.

20.     Defendants employed Sebastian Torres at APNA Edison as a stocker from in or about 2007 until August 2013.

21.     Defendants employed Sebastian Torres at APNA Jersey City as a stocker from in or about August 2013 through August 2014.

22.     Defendants employed Sebastian Torres at APNA Edison as a stocker from in or about September 2014 through the present.

**Defendant DK Grocery Inc. d/b/a APNA Bazar Cash & Carry**

23.     Defendant DK Grocery Inc. is a New Jersey corporation that owns, operates, and does business as APNA Bazar Cash & Carry located at 1700 Oak Tree Road, Edison, New Jersey 08820.

24.     APNA Edison has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25.     APNA Edison is an "enterprise engaged in commerce" within the meaning of the FLSA.

26.     Within the three years prior to the filing of this Complaint, APNA Edison had an annual gross volume of sales in excess of $500,000.

**Defendant APNA Bazar Grocery LLC d/b/a APNA Bazar Cash & Carry**

27.     Defendant APNA Bazar Grocery LLC is a New Jersey corporation that owns, operates, and does business as APNA Bazar Cash & Carry located at 2975 John F. Kennedy Boulevard, Jersey City, New Jersey 07306.

28.     APNA Jersey City has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

29.     APNA Jersey City is an "enterprise engaged in commerce" within the meaning of the FLSA.

30.     Within the three years prior to the filing of this Complaint, APNA Jersey City had an annual gross volume of sales in excess of $500,000.

**Defendant Nanak Grocery Inc. d/b/a APNA Bazar Cash & Carry**

31.     Defendant Nanak Grocery Inc. is a New Jersey corporation that owns, operates, and does business as APNA Bazar Cash & Carry located at 485 Georges Road, Dayton, New Jersey 08810.

32.     APNA Dayton has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

33.     APNA Dayton is an "enterprise engaged in commerce" within the meaning of the FLSA.

34.     Within the three years prior to the filing of this Complaint, APNA Dayton had an annual gross volume of sales in excess of $500,000.

**Defendant Khadag Singh**

35.     Defendant Khadag Singh is an owner of APNA Edison, APNA Jersey City, and APNA Dayton.

36.     Throughout Plaintiffs' employment, Khadag Singh hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices, work and scheduling policies at APNA Edison, APNA Jersey City, and APNA Dayton.

37.     Khadag Singh was regularly present at APNA Edison, where the business office is located, and ran the day-to-day operations of APNA Edison, APNA Jersey City, and APNA Dayton.

5

38.     Khadag Singh is listed as the president and registered agent of APNA Edison in the New Jersey Division of Revenue & Enterprise Services Certificate of Incorporation and Certificate of Amendment for Domestic Corporations.

39.     Khadag Singh is listed as the authorized representative of APNA Jersey City in the New Jersey Division of Revenue & Enterprise Services Certificate of Formation.

40.     Khadag Singh is listed as a member of the board of directors of APNA Dayton in the New Jersey Division of Revenue & Enterprise Services Certificate of Incorporation.

41.     Khadag Singh occasionally granted wage increases to Plaintiffs.

42.     In or about August 2014, Khadag Singh re-hired Sebastian Torres.

43.     In or about the summer of 2010, Khadag Singh hired Leoncio Quiroz.

44.     Khadag Singh regularly instructed Plaintiffs to stock their aisles neatly and carefully, and when trucks arrived, he directed them to go unload the merchandise.

45.     Khadag Singh exercises sufficient control over the operations of APNA Edison, APNA Jersey City, and APNA Dayton to be considered Plaintiffs' employer under the FLSA and NJWHL.

**Defendant Dalbir Singh**

46.     Defendant Dalbir Singh is an owner of APNA Edison, APNA Jersey City, and APNA Dayton.

47.     Throughout Plaintiffs' employment, Dalbir Singh hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices, work and scheduling policies at APNA Edison, APNA Jersey City, and APNA Dayton.

48.     Dalbir Singh was regularly present at APNA Edison, where the business office is located, and ran the day-to-day operations of APNA Edison, APNA Jersey City, and APNA Dayton.

49.     Dalbir Singh visits APNA Jersey City and APNA Dayton on a regular basis.

50.     Dalbir Singh is listed as the director of APNA Edison in the New Jersey Division of Revenue & Enterprise Services Certificate of Amendment for Domestic Corporations.

51.     Dalbir Singh is listed as the Vice President of APNA Dayton in the New Jersey Division of Revenue & Enterprise Services Registration of Alternate Name form.

52.     In or about August 2014, Dalbir Singh fired Sebastian Torres.

53.     Dalbir Singh regularly transfers employees between the APNA locations. For example, Dalbir Singh transferred Heriberto Perez to new APNA locations when they opened.

54.     Dalbir Singh exercises sufficient control over the operations of APNA Edison, APNA Jersey City, and APNA Dayton to be considered Plaintiffs' employer under the FLSA and NJWHL.

**APNA Edison, APNA Jersey City and APNA Dayton Are Joint Employers of Plaintiffs**

55.     APNA Edison, APNA Jersey City, and APNA Dayton have a high degree of interrelated and unified operations, centralized control of labor relations, common control, common business purposes, interrelated business goals, and common ownership.

56.     Khadag Singh and Dalbir Singh are common owners of APNA Edison, APNA Jersey City, and APNA Dayton.

57.     APNA Edison, APNA Jersey City, and APNA Dayton routinely interchange and share employees.

7

58.     For example, Heriberto Perez, Leoncio Quiroz, Esteban Quiroz, and Sebastian Torres have been transferred between the APNA locations during their employment with Defendants.

59.     There are surveillance cameras in the three APNA locations that are centrally monitored at APNA Edison.

60.     There is common purchasing for DK Grocery Inc., APNA Bazar Grocery LLC, and Nanak Grocery Inc. and merchandise is regularly shared between the locations.

61.     For example, there is one central warehouse, located at 3775 Park Avenue, South Plainfield, New Jersey 07080, where merchandise is divided, repacked, and shipped to the various stores.

## FACTUAL ALLEGATIONS

62.     APNA Edison is open seven days a week from 8:00 a.m. to 9:00 p.m.

63.     APNA Jersey City is open seven days a week from 8:30 a.m. to 9:30 p.m.

64.     APNA Dayton is open seven days a week from 8:30 a.m. to 8:30 p.m.

65.     In all three locations, some employees arrive as early as 6 a.m. to set up the produce section.

66.     Throughout their employment, Plaintiffs were paid their wages in cash, which was given to them in an envelope with their name, a nickname, and/or the position they worked written on the outside.

67.     Plaintiffs who worked in APNA Dayton and APNA Jersey City were not required to clock in or out of a time-keeping system or record their hours worked.

68.     Before approximately 2015, Plaintiffs who worked in APNA Edison were not required to clock in or out of a time-keeping system or record their hours worked.

69.     Beginning in or about 2015, Plaintiffs who worked at APNA Edison would have their start time and end time recorded by a manager, Pomal Singh or Gopal Saha.

8

70.     Pomal Singh and Gopal Saha would arrive at APNA at approximately 10:00 a.m., after most of the Plaintiffs had already started their work shifts.

**Plaintiff Heriberto Perez's Hours and Pay**

71.     From in or about 2011 through the summer of 2013, Heriberto Perez regularly worked six days per week, from 9:00 a.m. to 9:00 p.m., with a half hour break, for approximately sixty-nine hours per week.

72.     From in or about September 2017 through February 2018, Heriberto Perez regularly worked six days per week, from 9:00 a.m. to 9:00 p.m., with a half hour break, for approximately sixty-nine hours per week.

73.     From in or about March 2018 until June 2018, Heriberto Perez regularly worked six days per week, from 6:00 a.m. to 6:00 p.m., with a half hour break, for approximately sixty-nine hours per week.

74.     From in or about June 2018 through the present, Heriberto Perez regularly works six days per week, from 8:00 a.m. to 8:00 p.m., with a half hour break, for approximately sixty-nine hours per week.

75.     During the months of October and November each year that he worked at any APNA location, Heriberto Perez regularly worked seven days per week, twelve hours per day with a half hour break per day, for approximately eighty and one-half hours per week.

76.     From approximately June 2015 until the fall of 2015, Defendants paid Heriberto Perez a salary of $700.00 per week.

77.     From approximately September 2017 through the present, Defendants have paid Heriberto Perez a salary of $850.00 per week.

78.     From approximately September 2017 through the present, when Heriberto Perez works seven days in a week, Defendants pay him a salary of $1,000 per week.

79.     Defendants pay Heriberto Perez his wages in cash in an envelope with the nickname "Tino" written on the outside of the envelope.

**Plaintiff Leoncio Quiroz's Hours and Pay**

80.     From in or about January 2015 until September 2015 and then from December 2016 until December 2017, Leoncio Quiroz regularly worked six days per week, Wednesday through Monday, from 9:00 a.m. to 9:00 p.m., with a half hour break per day, for approximately sixty-nine hours per week.

81.     From approximately December 2017 through the present, Leoncio Quiroz regularly works six days per week, Wednesday through Monday, from 6:00 a.m. to between 6:00 p.m. and 7:00 p.m., with a half hour break per day, for approximately sixty-nine to seventy-five hours per week.

82.     During the months of October and November each year that he worked at any APNA location, Leoncio Quiroz regularly worked seven days per week, for twelve hours per day with a half hour break, for approximately eighty and one-half hours per week.

83.     From approximately January 2015 until September 2015, Defendants paid Leoncio Quiroz a salary of $500.00 per week.

84.     From approximately December 2016 through the present, Defendants have paid Leoncio Quiroz a salary of $700.00 per week.

85.     From approximately December 2016 through the present, when Leoncio Quiroz works seven days in a week, Defendants pay him a salary of $800.00 per week.

86.     Defendants pay Leoncio Quiroz his wages in cash in an envelope with his nickname and position, "Raoul Paking," written on the outside of the envelope.

**Plaintiff Esteban Quiroz's Hours and Pay**

87.    From approximately January 2013 until December 2017 and then from March 2018 until May 2018, Esteban Quiroz regularly worked six days per week, from 9:00 a.m. to 9:00 p.m. with a half hour break, for approximately sixty-nine hours per week.

88.    From approximately May 2018 through the present, Esteban Quiroz regularly works six days per week, from 8:00 a.m. to 8:00 p.m. or 9:00 a.m. to 9:00 p.m. with a half hour break each day, for approximately sixty-nine hours per week.

89.    During the months of October and November each year that he worked at any APNA location, Esteban Quiroz regularly worked seven days per week, for twelve hours per day with a half hour break, for approximately eighty and one-half hours per week.

90.    From approximately January 2014 until September 2015, Defendants paid Esteban Quiroz a salary of $425.00 per week.

91.    From approximately October 2015 until September 2016, Defendants paid Esteban Quiroz a salary of $500.00 per week.

92.    From approximately October 2016 until September 2017, Defendants paid Esteban Quiroz a salary of $550.00 per week.

93.    From approximately October 2017 until December 2017 and again from March 2018 through the present, Defendants pay Esteban Quiroz a salary of $650.00 per week.

94.    From March 2018 through the present, when Esteban Quiroz works seven days in a week, Defendants pay him $750.00.

95.    Defendants pay Esteban Quiroz his wages in cash in an envelope with the nickname "Hulio" written on the outside of the envelope.

**Plaintiff Sebastian Torres's Hours and Pay**

96.    From in or about 2007 until March 2018, Sebastian Torres regularly worked seven days per week, from 9:00 a.m. to 9:00 p.m., with a half hour break, for approximately eighty and one-half hours per week.

97.    From in or about 2007 until March 2018, every few weeks, Sebastian Torres would ask for a day off and on those weeks would work six days.

98.    From approximately March 2018 through the present, Sebastian Torres regularly works six days per week, from 9:00 a.m. to 9:00 p.m., with a half hour break, for approximately sixty-nine hours per week.

99.    From in or about 2015 until 2016, Defendants paid Sebastian Torres a salary of $525.00 per week.

100.   From in or about 2016 until 2017, Defendants paid Sebastian Torres a salary of $550.00 per week.

101.   From in or about 2017 through February 2018, Defendants paid Sebastian Torres a salary of $575.00 per week.

102.   From in or about March 2018 through the present, Defendants have paid Sebastian Torres a salary of  $695.00 per week.

103.   From approximately March 2018 through the present, Defendants have paid Sebastian Torres's wages partly in cash and by check. Defendants regularly pay Sebastian Torres $100.00 in cash and $595.00 by check.

104.   Defendants pay Sebastian Torres his wages in an envelope with the nickname "Chala" written on the outside of the envelope.

## FIRST CLAIM
### Fair Labor Standards Act – Unpaid Overtime

105.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

106.    Defendants were required to pay Plaintiffs one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et. seq.

107.    Defendants failed to pay Plaintiffs the overtime wages to which they are entitled to under the FLSA.

108.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

109.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

110.    Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

111.    Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**SECOND CLAIM**
**New Jersey Wage and Hour Law – Unpaid Overtime**

112.   Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

113.   Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiffs one and one half (1½) times their regular rate of pay for all hours worked in excess of forty in a workweek.

114.   Defendants have failed to pay Plaintiffs the overtime wages to which they are entitled to under the NJWHL.

115.   Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

116.   Due to Defendants' willful violations of the NJWHL, Plaintiffs are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

a.   declaring that Defendants violated the overtime wage provisions of the FLSA and the NJWHL;

b.   declaring that Defendants' violations of the FLSA and NJWHL were willful;

c.   awarding Plaintiffs damages for unpaid overtime wages;

d.   awarding Plaintiffs liquidated damages pursuant to the FLSA and NJWHL;

e.   awarding Plaintiffs pre- and post-judgment interest under the NJWHL;

f.   awarding Plaintiffs reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

g.      awarding such other and further relief as the Court deems just and

proper.

Dated: New York, New York
      July 20, 2018

By: _____
       Louis Pechman
       Vivianna Morales
       Catalina Cadavid
       Pechman Law Group PLLC
       488 Madison Avenue - 17th Floor
       New York, New York 10022
       Tel.: (212) 583-9500
       pechman@pechmanlaw.com
       morales@pechmanlaw.com
       cadavid@pechmanlaw.com
       *Attorneys for Plaintiffs*