ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033
856-795-2121
Attorneys for Defendants

BY:   PETER L. FRATTARELLI, ESQUIRE
      PATRICK PAPALIA, ESQUIRE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HERIBERTO PEREZ, LEONCIO QUIROZ, ESTEBAN QUIROZ and SEBASTIAN TORRES, <br><br> Plaintiffs, <br><br> vs. <br><br> DK GROCERY INC. d/b/a APNA BAZAR CASH & CARRY, APNA BAZAR GROCERY LLC d/b/a APNA BAZAR CASH & CARRY, NANAK GROCERY INC. d/b/a APNA BAZAR CASH & CARRY, KHADAG SINGH and DALBIR SINGH, <br><br> Defendants. | Civil Action: 2:18-cv-11902 <br><br><br><br> [DOCUMENT ELECTRONICALLY FILED] <br><br> **ANSWER WITH AFFIRMATIVE DEFENSES** |

Defendants, DK Grocery Inc. d/b/a APNA Bazar Cash & Carry, APNA Bazar Grocery LLC d/b/a APNA Bazar Cash & Carry, Nanak Grocery Inc. d/b/a APNA Bazar Cash & Carry, Khadag Singh and Dalbir Singh (collectively "Defendants") respond to the Complaint of Plaintiffs, Heriberto Perez, Leoncio Quiroz, Esteban Quiroz and Sebastian Torres (collectively "Plaintiffs") as follows:

1

## NATURE OF THE ACTION

1. Admitted that Defendants operate grocery stores with three New Jersey locations in Edison, Jersey City and Dayton, New Jersey. The remaining allegations in this paragraph are denied.

2. The allegations of this paragraph constitute legal conclusions to which no response is required.

## JURISDICTION

3. The allegations of this paragraph constitute legal conclusions to which no response is required.

## VENUE

4. The allegations of this paragraph of the Complaint constitute legal conclusions to which no response is required. By way of further response, Defendants admit that, assuming jurisdiction is established, that venue is proper within the District of New Jersey.

## THE PARTIES

5. Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of the Complaint, and therefore, leave Plaintiffs to their proofs.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of the Complaint, and therefore, leave Plaintiffs to their proofs.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of the Complaint, and therefore, leave Plaintiffs to their proofs.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants are without sufficient knowledge to admit or deny the allegations in this paragraph of the Complaint, and therefore, leave Plaintiffs to their proofs.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Admitted.

24. The allegations of this paragraph constitute legal conclusions to which no response is required.

25. The allegations of this paragraph constitute legal conclusions to which no response is required.

26. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, admitted that Defendants had annual gross revenue of sales in excess of $500,000 at its grocery stores.

27. Admitted.

28. The allegations of this paragraph constitute legal conclusions to which no response is required.

29. The allegations of this paragraph constitute legal conclusions to which no response is required.

30. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, admitted that Defendants had annual gross revenue of sales in excess of $500,000 at its grocery stores.

31. Admitted.

32. The allegations of this paragraph constitute legal conclusions to which no response is required.

33. The allegations of this paragraph constitute legal conclusions to which no response is required.

34. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, admitted that Defendants had annual gross revenue of sales in excess of $500,000 at its grocery stores.

35. Admitted.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. The allegations of this paragraph relate to a document and/or website, which speaks for itself.

39. The allegations of this paragraph relate to a document and/or website, which speaks for itself.

40. The allegations of this paragraph relate to a document and/or website, which speaks for itself.

41. Admitted in part; denied in part. Admitted that Defendants granted wage increases to Plaintiffs. Denied, to the extent alleged, that Defendant, Khadag Singh, was the only decision maker, and/or the only person responsible with respect to wages for the Plaintiffs.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Admitted in part; denied in part. Admitted that Defendant, Khadag Singh, instructed Plaintiffs with respect to job duties. Denied, to the extent alleged, that Defendant, Khadag Singh, regularly or solely instructed Plaintiffs with respect to the allegations set forth in this paragraph.

45. The allegations of this paragraph constitute legal conclusions to which no response is required.

46. Admitted.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Admitted in part; denied in part. Admitted that Defendant, Dalbir Singh, has visited the grocery store locations identified in this paragraph; denied that Defendant, Dalbir Singh, visited these grocery store locations on a "regular" basis given that such term in not defined.

50. The allegations of this paragraph relate to a document and/or website, which speaks for itself.

51. The allegations of this paragraph relate to a document and/or website, which speaks for itself.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. The allegations of this paragraph constitute legal conclusions to which no response is required.

55. The allegations of this paragraph constitute legal conclusions to which no response is required.

56. Defendants admit the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants admit the allegations contained in paragraph 59 of the Complaint.

60. Defendants admit the allegations contained in paragraph 60 of the Complaint.

61. Admitted.

## FACTUAL ALLEGATONS

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

Position not on envelope.

67. Admitted.

68. Admitted.

69. Defendants admit the allegations contained in paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Admitted.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Admitted.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Admitted.

87. Defendants deny the allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Admitted.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

94. Admitted.

95. Admitted.

96. Defendants deny the allegations contained in paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Admitted.

100. Admitted.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. Admitted.

## FIRST CLAIM

### Unfair Labor Standards Act – Unpaid Overtime

105. Defendants repeat and incorporate its responses to the foregoing paragraphs of this Complaint as if fully set forth herein.

106. The allegations of this paragraph constitute legal conclusions to which no response is required.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in paragraph 109 of the Complaint.

110. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

## SECOND CLAIM

### New Jersey Wage and Hour Law – Unpaid Overtime

112. Defendants repeat and incorporate its responses to the foregoing paragraphs of this Complaint as if fully set forth herein.

113. The allegations of this paragraph constitute legal conclusions to which no response is required.

114. Defendants deny the allegations contained in paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in paragraph 116 of the Complaint.

WHEREFORE, Defendants request dismissal of Plaintiffs' Complaint, with prejudice, together with attorneys' fees and costs of suit, and such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' actions are barred, in whole or in part, based on the equitable doctrines of laches, estoppel, waiver and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The damages requested by Plaintiffs, in whole or in part, are not recoverable as a matter of law.

WHEREFORE, Defendants request dismissal of Plaintiffs' Complaint, with prejudice, together with attorneys' fees and costs of suit, and such further relief as this Court deems just and proper.

> ARCHER & GREINER
> A Professional Corporation
> Attorneys for Defendants, DK Grocery Inc. d/b/a APNA Bazar Cash & Carry, APNA Bazar Grocery LLC d/b/a APNA Bazar Cash & Carry, Nanak Grocery Inc. d/b/a APNA Bazar Cash & Carry, Khadag Singh and Dalbir Singh
>
> By: */s/Peter L. Frattarelli*
>     PETER L. FRATTARELLI
>     PATRICK PAPALIA

Dated: October 22, 2018

215359533v1